GEORGE SMITH *vs.* JOSEPH M. WHITMAN & trustee.
SAME *vs.* SAME & another & trustee.

If the validity of an assignment of an account by a son-in-law to his father-in-law is in controversy, the omission of the assignee to testify concerning it, or to call the assignor to testify, or to prove any consideration, except by the recital in the assignment itself, the absence of the assignee when it was made, and the want of any evidence of delivery except such as might be inferred from the production of the same at the trial, are circumstances which, taken in connection with proof that the assignor was without means to pay his debts, are sufficient to authorize a jury to find that the assignment was fraudulent and void.

The admission of incompetent evidence is no ground for a new trial, if at any time before the case is submitted to the jury they are instructed to disregard it, and there is no reason to apprehend that it could have prejudiced their minds.

TRUSTEE PROCESSES. In each case, the administrator of the estate of Joseph Whitman was summoned as trustee, and Enoch Hinckley, the father-in-law of the defendant, appeared as claimant of the funds disclosed by the trustee's answer, claiming the same under two assignments, the first of which, dated June 17th 1861, purported to assign to him a claim for cash paid out and services rendered as executor of the estate of said Joseph Whitman, and the second, dated December 4th 1861, purported to assign to him a claim against the same estate for the balance due to the defendant as executor of said estate, not transferred by the former assignment.

At the trial in the superior court, before *Rockwell,* J., the claimant introduced the two assignments in evidence, proving the execution of one of them by proof of the handwriting of an attesting witness, who was absent from the state, and of the other by the attesting witness, who testified that he signed his name as a witness at the request of the defendant, and that no one else was present at the time. It was admitted that the plaintiff was a creditor of the defendant in the first action to the amount of $300, and of the defendants in the second action to the amount of $130; and he testified that before the commencement of the actions he had made diligent search and inquiry for attachable property belonging to them and could

Smith *v.* Whitman & trustee.

find none, and had several times called upon said Joseph M. Whitman and pressed him for payment.

The plaintiff then introduced a witness who testified, under objection, that after the date of the assignment Joseph M. Whitman called upon him and requested him to sign a bond to enable him to draw some money from the trustee in these actions, and that he was afraid some one would trustee the amount unless it was done that night. Before the arguments were made, however, (though after an adjournment,) the judge stated that he had come to the conclusion that this evidence was incompetent, and in the charge he instructed the jury not to regard it, or give it any consideration.

The claimant requested the judge to rule that all the evidence in the case was plainly insufficient to warrant a verdict for the plaintiff, as against the claimant; but the judge declined so to rule, and submitted the case to the jury with particular instructions which were in accordance with a prayer of the claimant.

The jury returned a verdict in favor of the plaintiff, and against the claimant; and the latter alleged exceptions.

*C. H. B. Snow*, for the claimant, cited *Gunnison* v. *Langley*, 3 Allen, 337; *Farnum* v. *Davidson*, 3 Cush. 232; *Commonwealth* v. *Packard*, 5 Gray, 101; *Lane* v. *Old Colony & Fall River Railroad*, 14 Gray, 143; *Wing* v. *Bishop*, 3 Allen, 456; *Horrigan* v. *Wright*, 4 Allen, 514; *Whitney* v. *Bayley*, Ib. 173; *Batchelder* v. *Batchelder*, 2 Allen, 105; *Hawes* v. *Gustin*, Ib. 402.

*F. H. Dewey*, for the plaintiff. The evidence in behalf of the claimant was merely formal and suspicious upon its face. The assignments themselves, the character of the property, the uncertainty of the value of the assigned property, the relationship of the assignor and assignee, the entire want of evidence of any consideration except as inferred from the recital of the assignments, the absence of the claimant when the assignments were made, the want of any evidence as to the time of the delivery of the assignments, and the want of any evidence of any delivery, except so far as a delivery was to be inferred from the production of the same at the trial by the claimant's attorney, the omission of the claimant to testify himself, and the

omission to call the assignor as a witness to explain more fully as to the transactions, were all circumstances tending to satisfy a jury of the fraudulent character of the assignments; especially when taken in connection with the evidence of the defendant's inability to pay his debts.

METCALF, J. The rulings for which the claimant asked could not rightfully have been made. If there had been no competent evidence that the assignments to him were fraudulent, it doubtless would have been right that the judge should so instruct the jury. But there clearly was evidence — which is well stated in the brief of the plaintiff's counsel — tending to cause distrust of the fairness and good faith of those assignments, and which was proper for the consideration of the jury. It was not the province of the judge to instruct them that this evidence was plainly insufficient to warrant a verdict for the plaintiff.

The fact that the claimant did not testify at the trial, nor call his assignors to testify, concerning the assignments, warranted the jury to form a judgment unfavorable to his. claim. " It is certainly a maxim," says Lord Mansfield, " that the evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted." Cowp. 65. See also *Whitney* v. *Bayley*, 4 Allen, 173.

The judge having instructed the jury not to regard the testimony which he deemed wrongly admitted by him, nor to give it any consideration, we are of opinion that, even if that testimony was wrongly admitted, (which is denied by the plaintiff's counsel,) the claimant has no legal ground of exception. *Batchelder* v. *Batchelder*, 2 Allen, 106. *Hawes* v. *Gustin*, 2 Allen, 406. In these two cases, the judge, immediately after admitting incompetent evidence, directed the jury that they must disregard it. In the cases at bar, the judge did not so direct the jury until there had been an adjournment of the court after the admission of the evidence. And the counsel for the claimant has argued that such direction to a jury removes the ground of exception to the admission of improper evidence only when

given so soon as to prevent that evidence from making an impression on the jurors' minds. But such distinction is not supported by authority, nor is it of possible practical application. The jury are presumed to follow the direction of the court to disregard wrongly admitted evidence, at whatever stage of the case that direction may be given. See *Selkirk* v. *Cobb*, 13 Gray, 313. *Whitney* v. *Bayley*, 4 Allen, 173. *Commonwealth* v. *Shepherd*, 6 Binn. 283. Cases of this kind differ from those in which new trials have been granted for the reason that irrelevant and immaterial evidence, which the court did not direct the jury to disregard, may have improperly affected their verdict.

*Exceptions overruled.*